IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EMILY BROWN, as parent and guardian of a minor child, T.B., | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-00168 |
| | § | |
| ERIC COULSTON and the CITY of DENTON, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF DENTON'S RULE 12 MOTIONS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Emily Brown, as parent and guardian of a minor child, T.B., files this Response to Defendant City of Denton's Motion to Dismiss Plaintiff's Second Amended Complaint, and would respectfully show the Court the following:

## I. PROCEDURAL BACKGROUND AND INTRODUCTION

This is a civil rights lawsuit brought by Plaintiff pursuant to 42 U.S.C. § 1983 alleging excessive force used by Defendant Coulston against T.B. on April 30, 2018, in violation of T.B.'s Fourth Amendment rights. Plaintiff also alleges that the City of Denton violated the Americans with Disabilities Act, as well as § 504 of the Rehabilitation Act, by discriminating against T.B. because of his autism and failing to accommodate T.B.'s disability. It did this by authorizing its police officers—in this case, Defendant Eric Coulston—to employ adult criminal law enforcement techniques against against students

who are not suspected of any crime *without any policy at all* for dealing with autistic students. Indeed, it was directly due to T.B.'s autism that he was singled out for the hour-and-a-half of forceful, physical restraint at issue in this case.

Defendant Coulston has filed a Motion to Dismiss based on an assertion of qualified immunity, to which a Response, Reply, and Sur-Reply have all been filed. Coulston's Motion is currently being considered by this Court.

The City of Denton has now filed a Rule 12 Motion asking the Court to dismiss the case against it. Its only contention regarding Plaintiff's ADA/Rehab Act claims is that, allegedly, the City is not responsible for Coulston's conduct as a School Resource Officer ("SRO"); rather, the City alleges, the Denton Independent School District ("DISD") is solely responsible. This is incorrect: as discussed below, not only is Coulston an employee of the City, but the Memorandum of Understanding that governs the use of Denton Police Department ("DPD") officers acting as SROs in DISD schools expressly states that the officers' conduct remains at all times the responsibility of the City. The City also makes an argument against municipal liability under § 1983, a claim Plaintiff did not actually allege.[1] Finally, the City argues in the alternative that the Court should order Plaintiff to file a Rule 7 Reply addressing Coulston's asserted qualified immunity (apparently on Coulston's behalf, since the City is not subject to qualified immunity, and Coulston made no such motion himself). This is a frivolous argument. An order for a Rule 7 Reply is only necessary (or even helpful) when a plaintiff has alleged only conclusory allegations that an officer's conduct was objectively unreasonable. Here, Plaintiff has submitted an extremely

detailed play-by-play of Coulston's use of repeated physical force against T.B., as well as *a video of the entire incident*. It is hard to imagine what a more detailed Complaint of this particular conduct would even look like. Moreover, Officer Coulston's assertion of qualified immunity has already been thoroughly addressed in the Response and Sur-Reply to Coulston's own Motion to Dismiss. The City's Motions should be denied in full.

## II. RESPONSE TO MOVANT'S STATEMENT OF ISSUES TO BE DECIDED

In its Motion to Dismiss, Defendant City of Denton has framed the issues to be decided as follows:

> 1. Whether Plaintiff has stated a plausible claim against the City of Denton under Rule 12(b)(6).
>
> 2. Whether Denton is responsible for Denton ISD's alleged actions or inactions under the ADA and Rehabilitation Act.
>
> 3. Whether Plaintiff has adequately alleged a claim upon which relief can be granted for alleged excessive force, as opposed to a *de minimis* injury under the applicable Fifth Circuit caselaw.[2]

Plaintiff agrees that issue #1 is always the question under a 12(b)(6) motion, and as such is properly stated. Issue #2 is incorrect in that it tries to answer its own question by mischaracterizing the conduct alleged in this case as "**Denton ISD's** alleged actions or inactions." To the contrary, Plaintiff has alleged that the "actions or inactions" that harmed T.B. were those of Officer Coulston and the City of Denton—both through the actions of its employee and its own policies regarding the use of DPD officers as SROs. Finally, Issue #3

---

[1] To be clear, Plaintiff reserves the right to add a *Monell* claim at a later time, but one was not pleaded in the live Complaint. Any confusion on the part of the City is likely caused by the combination of the § 1983 claim against Coulston and factual discussion of Denton's policies as they relate to the ADA/Rehab Act claims.

[2] Defendant City of Denton's Motion to Dismiss at 2.

is off the mark because it refers to a § 1983 claim against the City that Plaintiff has not alleged.[3]

## III. ARGUMENTS AND AUTHORITIES

### A. Standard of Review.

The fact that this case arises out of a suit against law-enforcement personnel does not affect the standard of review for a motion to dismiss based on a plaintiff's alleged failure to state a claim upon which relief can be granted. All the traditional rules that favor plaintiffs on motions to dismiss continue to apply: the Court cannot look beyond the pleadings, must accept the allegations in the complaint as true, and must view them in the light most favorable to the plaintiff.[4] Not surprisingly, therefore, motions to dismiss under Rule 12 (b)(6) are viewed with disfavor and are rarely granted.[5]

In sum, Plaintiffs are merely required to state a claim to relief that is "plausible on its face."[6] The Supreme Court has held that the *plausibility* requirement does not require the plaintiff to show a greater *probability* of success than the defendant at the pleading stage; it simply requires the plaintiff to "raise a reasonable expectation that discovery will reveal evidence to support the allegation."[7] Finally, the Fifth Circuit has held that an allegation is plausible if "reasonable minds can differ" as to its veracity.[8] Put otherwise, a factual allegation is only inadequate if *no reasonable person* could believe it.

---

[3] *See* fn.1 above.

[4] *See, e.g.*, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[5] *Lormand v. US Unwired, Inc.*, 565 F.3d 228 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007)).

[7] *Twombly*, 550 U.S. at 556.

[8] *Gonzalez v. Kay*, 577 F.3d 600, 607 (5th Cir. 2009).

### B. The City of Denton Is Responsible for Officer Coulston's Conduct and Its Own Policies in Violating the ADA and the Rehab Act.

The City and DISD have entered into a partnership, expressed in a Memorandum of Understanding, to use Denton Police Department officers as SROs at DISD schools. The City argues that only one half of this partnership that agreed to authorize City police officers to use adult criminal law enforcement techniques against schoolchildren—children who are not suspected of any crime—can be liable for the conduct of those officers.[9] This belies common sense and also the City's own written policy. The City has not denied Plaintiff's allegation that "the City's policy regarding SROs is outlined in a Memorandum of Understanding ("MOU") between DISD and the Denton Police Department."[10] Plaintiff has attached the MOU to this Response as Exhibit A.[11]

Most crucially, under a section titled "Supervision," the MOU states, "The daily operation and administrative control of the SRO program is the responsibility of the Denton Police Department. Responsibility for the conduct of SRO personnel, both personally and professionally, remains with the Denton Police Department."[12] It goes on, under a section titled Procedures: Concept: "The officers assigned to the SRO Program are, first and foremost, Law Enforcement Officers. SROs are responsible for carrying out all

---

[9] Defendant City of Denton's Motion to Dismiss at 2–4.

[10] Plaintiff's Second Am. Complaint at ¶ 14.

[11] Although generally a court may not consider extrinsic evidence in considering a motion to dismiss, an exception is when a document is "incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *accord Smith v. Select Portfolio Servicing, Inc.*, 2018 U.S. Dist. LEXIS 45707 *6–7 (E.D. Tex. Feb. 28, 2018). Here, Plaintiff cited the MOU extensively in the Second Amended Complaint. Plaintiff's Second Am. Complaint at ¶¶ 14–19. Alternatively, should the Court not wish to consider the document in this context, Plaintiff has clearly not pleaded the "best case" and should be given an opportunity to replead. *Se, e.g.*, *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) (leave to amend should be freely given).

[12] Exhibit A at 3.

duties and responsibilities of a police officer and shall at all times, through the chain of command, remain under the control of the Denton Police Department."[13] These policy statements flatly contradict the City's assertion that DISD is solely responsible for Coulston's conduct and its use of SROs more generally. In fact it appears to be quite the opposite.

Whether or not the City was aware of T.B.'s individual agreements for accommodations under his Individualized Education Plan ("IEP") and Behavior Intervention Plan ("BIP"), it still violated the ADA and the Rehab Act by letting its police officers off the leash as SROs without any policy at all regarding how to perform the functions of an SRO when it came to disabled students who are not suspected of a crime, but who are just behaving outside expectations because of their disabilities. Indeed the official marching orders appear to be simply "act like a law enforcement officer." As such, it is no surprise that Coulston essentially treated T.B. like a criminal, employing adult criminal law enforcement techniques such as handcuff restraint and pain compliance. The City's SRO policy clearly fails to accommodate for students with disabilities. Moreover, it discriminated against T.B., subjecting him to harsh police restraint and use of force that non-disabled students do not suffer from, because they do not have a psychiatric condition that causes them to behave outside established norms. Instead of instituting a policy to help T.B., the City tortured him. This violates the ADA and the Rehab Act, and the City's Motion to Dismiss should be denied.

---

[13] Exhibit A at 3.

### C. Plaintiff Has Not Pleaded a Claim of *Monell* Liability Against the City of Denton Under § 1983 at This Time.

As stated above, Plaintiff did not expressly allege a claim of municipal liability against the City under § 1983 for Coulston's use of excessive force. However, Plaintiff reserves the right to expressly assert such a claim at a later time. Any confusion on the part of the City is likely caused by the combination of the § 1983 claim against Coulston and factual discussion in the Complaint of Denton's policies as they relate to the ADA and Rehab Act claims.

Nonetheless, it is worth pointing out that the City's attempts to hide behind Coulston's assertion of qualified immunity are completely improper.[14] "Municipalities do not enjoy immunity from suit – either absolute or qualified – under § 1983."[15] That is to say, if a court finds that a constitutional violation has in fact been committed, but that the individual officer is not liable because of qualified immunity, the municipality may still be liable if the plaintiff has alleged the other elements under *Monell*—a policymaker and policy that was the moving force behind the violation.[16] It is also worth noting that the City imports directly from Coulston's brief the same mischaracterizations of what is shown on the video.[17]

The City also borrows Coulston's argument that the alleged injury is insufficient to state a claim, i.e. "*de minimis*."[18] Like Coulston, the City misunderstands Fifth Circuit precedent. As with the City's other arguments related to § 1983, this one is irrelevant, since

---

[14] Defendant City of Denton's Motion to Dismiss at 7–8.

[15] *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 5077 U.S. 163, 166 (1993); *Hampton Nat'l Surety v. Tunica County*, 543 F.3d 221, 227 (5th Cir. 2008).

[16] *Hampton Nat'l Surety*, 543 F.3d at 226–27.

[17] In particular, the City parrots a gross overstatement of T.B.'s alleged "resistance" on page 7, ¶ 21.

Plaintiff has not at this time alleged municipal liability under § 1983. In any event, see Plaintiff's briefs in response to Coulston's Motion to Dismiss for a thorough analysis regarding so-called *de minimis* injuries in excessive force claims.

### D. A Rule 7(a) Reply Is Not Necessary As Plaintiff Has Made Extremely Detailed Factual Allegations

Finally, the City has moved in the alternative for a Rule 7(a) order from this Court based on Officer Coulston's assertion of qualified immunity.[19] As discussed above, the issue of Coulston's asserted immunity is wholly irrelevant to Plaintiff's claims against the City. Not only has Plaintiff not asserted a § 1983 claim against the City at this time, but it is well-settled that "[m]unicipalities do not enjoy immunity from suit – either absolute or qualified – under § 1983."[20] It is odd that the City would go out of its way to move for a Rule 7(a) Reply, apparently on Coulston's behalf, when Coulston himself declined to do so. In any event, this request by the City is completely frivolous. The City refers to "numerous ambiguities and conclusory statements in Plaintiff's live pleading" without pointing to a single one.[21] The City further makes the head-scratching accusation that Plaintiff has made only a "conclusory allegation that a right has been violated by some unspecified act or omission."[22] On the contrary, Plaintiff has submitted a detailed play-by-play of Coulston's conduct as he restrained and abused T.B. for an hour and a half on April 30, 2018. Body cam video showing the entirety of the incident has been attached to the Complaint. It is difficult to imagine what further facts the Court would require in order to be able to rule on

---

[18] Defendant City of Denton's Motion to Dismiss at 7–8.

[19] Defendant City of Denton's Motion to Dismiss at 8–11.

[20] *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 5077 U.S. 163, 166 (1993); *Hampton Nat'l Surety v. Tunica County*, 543 F.3d 221, 227 (5th Cir. 2008).

[21] *Id.* at 8.

the question of Coulston's asserted qualified immunity. The live Complaint clearly alleges that:

- "The Fourth Amendment to the U.S. Constitution protects an individual's right to be free from objectively unreasonable uses of force that are excessive to the need."[23]
- "Defendant Eric Coulston's assault of T.B. [described in excruciating detail in the Complaint] was an objectively unreasonable and excessive use of force under the circumstances."[24]
- Those circumstances included the facts that a teacher "was attempting to get T.B. to leave the classroom, apparently to go to another class, and was having difficulty getting T.B. to cooperate. . . . He was not causing any other kind of disturbance, nor was he acting violently or threatening anyone physically. No other children were nearby. . . . There was no emergency, no threat of imminent, serious harm to anyone, and Officer Coulston was not investigating a crime."[25]

Plaintiff has alleged a plausible claim of excessive force against Officer Coulston, including sufficient facts from with the Court can infer that Coulston acted unreasonably in light of clearly established law. A Rule 7(a) Reply is unnecessary, and the City's Motion should be denied.

## IV. CONCLUSION

For the reasons stated above, Plaintiff has pleaded a plausible case that the City of Denton violated the ADA and the Rehab Act by discriminating against T.B. because of his

---

[22] *Id.* at 9.

[23] Plaintiff's Second Am. Complaint at ¶ 59.

[24] *Id.* at ¶ 60.

autism and failing to accommodate T.B.'s disability. Furthermore, Plaintiff did not expressly allege municipal liability against the City under § 1983, although Plaintiff reserves the right to allege such a claim at a later time. The City's arguments pertaining to a § 1983 claim are therefore irrelevant, and otherwise not well taken, namely in that a municipality cannot assert a qualified immunity defense. Claims that T.B.'s injuries are insufficient to state a claim are likewise irrelevant to this Defendant, and addressed in full in briefs responding to Coulston's Motion to Dismiss. Finally, a Rule 7(a) Reply is unnecessary because Plaintiff has alleged an extremely detailed narrative of Officer Coulston's conduct, including body cam video of the entire incident. The City of Denton's Rule 12 Motions should be denied in full.

Respectfully submitted,

By: /s/ *Roger Topham*

Don Tittle
State Bar # 20080200
don@dontittlelaw.com
Roger Topham
State Bar # 24100557
roger@dontittlelaw.com
LAW OFFICES OF DON TITTLE
6301 Gaston Avenue, Suite 440
Dallas, Texas 75214
214/522-8400
214/389-1002- FAX

[25] *Id.* at ¶¶ 21–23.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon counsel for Defendants by electronic service via the Court's CM/ECF system on this the 26th day of August, 2019:

**Wm. Andrew Messer**
andy@txmunicipallaw.com
State Bar No. 13472230
**Kevin M. Curley**
kevin@txmunicipallaw.com
State Bar No. 24047314
MESSER, ROCKEFELLER & FORT PLLC.
6371 Preston Road, Suite 200
Frisco, TX 75034
972.668.6400 – Telephone
972.668.6414 – Facsimile
*Attorneys for Defendant Eric Coulston*

**Aaron Leal**
City Attorney
State Bar No. 24048051
aaron.leal@cityofdenton.com
**Jerry E. Drake, Jr.**
First Assistant City Attorney Litigation Division
State Bar No. 06107500
jerry.drake@cityofdenton.com
DENTON CITY ATTORNEY'S OFFICE
215 East McKinney
Denton, Texas 76201
(940) 349-8333
(940) 382-7923 Facsimile
*Attorneys for Defendant City of Denton*

*/s/ Roger Topham*
Roger Topham